UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GILL W. JASMINE                                   CIVIL ACTION

VERSUS                                            NO. 10-2742

N. BURL CAIN                                      SECTION "I"(3)

## TRANSFER ORDER

Petitioner, GILL W. JASMINE, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1996 state court conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief:

1) The trial court abused its discretion in applying an erroneous standard of law to petitioner's collateral writ, in violation of the 5th, 6th, and 14th Amendments;

2) The trial court erred in allowing the state to solicit inadmissible opinion testimony regarding petitioner's state of mind before and after the incident;

3) The trial court erred in allowing the institution of prosecution by bill of information;

4) Petitioner was denied effective assistance of counsel when appellate counsel failed to brief an assigned error regarding the clerk of court's reading of the first degree murder indictment before the jury;

5) Trial counsel was ineffective in failing to move for a change of venue in light of excessive media exposure, failing to file a motion to quash the indictment, informing the jury that the victim was pregnant at the time of her death, and failing to investigate the state's case and plan a plausible defense;

6) His conviction rests upon an indictment that was founded upon unconstitutional grounds; and

7) Defense counsel's errors during the selection of the jury deprived him of a fair trial.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Gill W. Jasmine v. N. Burl Cain, Warden Louisiana State Penitentiary</u>, Civil Action 02-547 "I"(3). In that petition, petitioner raised the following grounds for relief:

1) The state court's decision regarding petitioner's post-conviction claims is not entitled to deference;

2) The trial court erred when it allowed the state to elicit inadmissible opinion testimony regarding the petitioner's state of mind;

3) The trial court erred when it allowed institution of the prosecution by bill of information;

4) Petitioner received ineffective assistance of counsel on appeal;

5) Petitioner's trial counsel was ineffective when he failed to file a motion for change of venue;

6) Petitioner's indictment was constitutionally defective because of racial discrimination in the selection of the grand jury foreperson;

7) Petitioner's trial counsel was ineffective when he failed to file a motion to quash the indictment;

8) Petitioner's trial counsel was ineffective when he informed the jury that the victim was pregnant at the time of her death;

9) Petitioner's trial counsel was ineffective when he failed to investigate the state's case and plan a plausible defense;

10) Petitioner's trial counsel was ineffective during jury selection;

11) The trial court erred in denying a mistrial after jurors spotted petitioner in shackles; and

12) Petitioner's constitutional rights were violated when the trial court refused to allow hearsay testimony, thereby denying the defense the opportunity to show that petitioner had reason to fear the victim.

That petition was dismissed with prejudice on the merits by a judgment entered August 4, 2003. Petitioner appealed the judgment. The United States Fifth Circuit Court of Appeals denied petitioner's request for a certificate of appealability. Rec. Doc. No. 27.

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that GILL W. JASMINE's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 21st day of September, 2010.

_____
UNITED STATES DISTRICT JUDGE